## Trustees of the Baptist Church v. Boden

*William R. Cooper, II*, for plaintiff.
*C. Edmund Wells*, for defendant.

DANNEHOWER, J., November 10, 1955.—This action in equity seeks to compel William J. Boden, Recorder of Deeds of Montgomery County, to record an *unacknowledged* release of an interest in land executed November 16, 1758. Plaintiff church has been in continuous, exclusive and uninterrupted possession of this tract of land in question for 197 years and now seeks recording of the unacknowleged release "to afford plaintiff protection against said release being lost or mislaid and also to give notice of the ownership of plaintiff".

Defendant filed preliminary objections:

(a) Pennsylvania statutory enactment expressly precludes the recording of an unacknowledged instru-

ment; (b) a court of equity lacks jurisdiction to grant the relief sought, and (c) defendant desires a more specific complaint as to whether said release is oral or in writing.

It is entirely unnecessary to consider the latter two objections, because the law is well settled and our statutes provide that only acknowledged instruments may be recorded in the recorder's office.

Section 2 of Act of May 28, 1715, 1 Sm. L. 94, sec. 2, 21 PS §42, provides as follows:

"All bargains and sales, deeds and conveyances of lands, tenements and hereditaments, in this province, may be recorded in the said office; but before the same shall be so recorded, the parties concerned shall procure the grantor or bargainer named in every such deed, or else two or more of the witnesses (who were present at the execution thereof), to come before one of the justices of the peace of the proper county or city where the lands lie, who is hereby empowered to take such acknowledgment of the grantor, if one, or of one of the grantors, if more."

The currently effective Act of July 18, 1941, P. L. 421 sec. 1, 21 PS §325.1 provides:

"It shall be the duty of the recorder of deeds in the several counties in this Commonwealth to receive all deeds presented for record, when the same are duly acknowledged as required by law, and record the same. . . ."

Therefore, since the statutes are so clear and plain we consider it unnecessary to cite the many cases which hold that it is the recorder's duty not to accept for recording or record any instrument conveying an interest in land unless the same be duly acknowledged by the grantor or bargainer.

Since the release in question was executed, but not acknowledged, on November 16, 1758, the court has been informed that the grantor, the witnesses, and

380

anyone to prove their handwriting are either dead or cannot be found, so the Acts of 1715, 1775 and 1878 cannot be taken advantage of.

It is suggested to counsel, that plaintiff could bring an action to quiet title against the releasors, their heirs, executors, administrators and assigns, and set forth the written release in full and in the final decree the release could be set forth in full. This final decree could be then recorded and the original release could be kept safely among plaintiff's valuable papers.

And now, November 10, 1955, for the foregoing reasons, defendant's preliminary objection is sustained and the complaint in equity is dismissed.